# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| CITY OF RIVIERA BEACH POLICE PENSION FUND,<br><br>*Plaintiff*,<br>v.<br><br>TARGET CORPORATION, *et al.*,<br><br>*Defendants*. | No. 2:25-cv-00085-JLB-KCD |
| STATE BOARD OF ADMINISTRATION OF FLORIDA,<br><br>*Plaintiff*,<br>v.<br><br>TARGET CORPORATION, *et al.*,<br><br>*Defendants*. | No. 2:25-cv-00135-JLB-KCD |
| BRIAN CRAIG, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>TARGET CORPORATION, *et al.*,<br><br>*Defendants*. | No. 2:23-cv-00599-JLB-KCD |

**MOTION OF STATE BOARD OF ADMINISTRATION OF FLORIDA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

The State Board of Administration of Florida ("SBA") respectfully moves for an order (1) consolidating under Federal Rule of Civil Procedure 42(a) all related actions to this class action against Target Corporation and its Board of Directors ("Target"), (2) appointing SBA as Lead Plaintiff in the class action, (3) approving SBA's selection of counsel for the class; and (4) directing the filing of a consolidated amended complaint within 30 days of SBA's appointment as Lead Plaintiff.

## BACKGROUND

### A. Legal Background

The Private Securities Litigation Reform Act ("PSLRA") controls the appointment of a lead plaintiff in class action lawsuits. 15 U.S.C. § 78u-4(a)(1), (3). First, the plaintiff who files the initial action must publish notice informing class members of their right to move for appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i). If multiple class actions "asserting substantially the same claim or claims" are filed, "only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published." *Id.* § 78u-4(a)(3)(B)(ii). Within sixty days of publication of the notice, any "person or group of persons" who are members of the proposed class may move for appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)–(B). Each person seeking to serve as a class representative must "provide a sworn certification" describing the person's transaction history and background. *Id.* § 78u-4(a)(2)(A).

Second, before appointing the lead plaintiff, the court must resolve any motions to consolidate actions that present "substantially the same claim or claims." *Id.* § 78u-4(a)(3)(B)(ii).

Third, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a notice …
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

*Id.* § 78u-4(a)(3)(B)(iii)(I). That presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

*Id.* § 78u-4(a)(3)(B)(iii)(II).

Once the court has selected the lead plaintiff, that party "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

3

## B. Factual Background

This case arises from false and misleading statements made by Target to its shareholders. *See* Complaint, *State Board of Administration of Florida* ("*SBA*") *v. Target Corp.*, No. 2:25-cv-00135 (M.D. Fla.). Specifically, Target failed to disclose that it faced a risk of customer backlash to its diversity, equity, and inclusion ("DEI") and environmental and social governance ("ESG") initiatives. Target also misled investors by stating that it monitored the social and political risk of those initiatives. In reality, the complaint alleges, Target was not monitoring for those risks. When Target's 2023 Pride Campaign featured tuck-friendly bathing suits in XXS sizes and other products that many customers found offensive, the customer backlash was severe. This harmed shareholders because Target stock lost $10 billion in market valuation between May 17 and May 28, 2023, and $25 billion between May 17 and October 6, 2023.

A group of individual investors, represented by Boyden Gray PLLC, Lawson Huck Gonzalez, PLLC, and America First Legal Foundation, sued Target over these misstatements, alleging violations of Sections 10(b), 14(a), and 20 of the Securities Exchange Act of 1934. *See Craig v. Target Corp.*, No. 2:23-cv-00599, 2024 WL 4979234 (M.D. Fla. Dec. 4, 2024). This Court denied Target's motion to dismiss. *Id.*

On January 31, 2025, the City of Riviera Beach Police Pension Fund filed a class action complaint against Target, noting *Craig* and alleging the same violations. *See City of Riviera Beach Police Pension Fund v. Target Corp.*, No. 2:25-cv-00085 (M.D. Fla.). The action was brought on behalf of all persons or entities who purchased or

acquired Target common stock from August 26, 2022, through November 19, 2024. Counsel for the named plaintiff in that case published notice to the class on January 31, with motions to be appointed lead plaintiff due 60 days later on April 1. *See Grant & Eisenhofer Files Class Action Lawsuit Against Target Corporation on Behalf of Pension Fund*, Bus. Wire (Jan. 31, 2025), https://tinyurl.com/4tu3ahmt.

On February 20, 2025, SBA filed a class action complaint against Target on behalf of all persons or entities who purchased or acquired Target stock from March 9, 2022, through August 16, 2023. *SBA*, No. 2:25-cv-00135 (M.D. Fla.). Because SBA's complaint asserted "substantially the same claim or claims" as the *Riviera Beach* complaint, SBA did not publish an additional class notice and could rely on the process to appoint a lead plaintiff initiated by the *Riviera Beach* notice. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

## ARGUMENT

### I.  THE RELATED CASES SHOULD BE CONSOLIDATED

Consolidation is appropriate when there is "a common question of law or fact" pending in different actions before the Court. Fed. R. Civ. P. 42(a); *see MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1235 (11th Cir. 2023). Both class actions currently pending in this Court—*Riviera Beach*, No. 2:25-cv-00085, and *SBA*, No. 2:25-cv-00135—as well as the individual action in *Craig*, No. 2:23-cv-00599, should all be consolidated.

5

The complaints in all three cases "present virtually identical claims for relief based upon a single course of conduct" by Target. *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501–02 (S.D. Fla. 2002). The complaints are "based on the same public statements and reports." *Barnette v. Arcimoto Inc.*, Nos. 21-CV-2143 & 21-CV-2870, 2021 WL 2986397, at *1 (E.D.N.Y. July 14, 2021). Both *Riviera Beach* and *SBA* are class actions on behalf of Target shareholders that suffered losses from the same conduct by Target. "Class action shareholder lawsuits are the quintessential type of cases in which consolidation is appropriate," and these cases are no different. *Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 716 (S.D. Tex. 2021). Moreover, the *SBA* and *Craig* complaints are nearly identical, except for changes necessitated by naming different plaintiffs and seeking class-wide remedies. Consolidation of all three cases will expedite proceedings, reduce case duplication, and preserve the parties' resources.

None of the differences between the cases preclude consolidation. *SBA* and *Riviera Beach* cite the same conduct by Target and invoke largely overlapping class periods. Courts routinely consolidate securities class actions with different class periods, recognizing that the consolidated complaint filed after the lead-plaintiff process will resolve any differences. *See, e.g.*, *In re Orion Sec. Litig.*, No. 08 Civ. 1328, 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008); *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104–05 (E.D.N.Y. 2005); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292–93 (E.D.N.Y. 1998). And while *Craig* is an individual action, courts can

consolidate class actions with individual actions that raise common questions. *See In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2003 WL 21242882, at *1–2 (S.D.N.Y. May 29, 2003).

## II. SBA SHOULD BE APPOINTED LEAD PLAINTIFF

SBA satisfies the requirements of the PSLRA and should be appointed as Lead Plaintiff.

### A. This Motion is Timely

The PSLRA requires that the lead plaintiff "has either filed the complaint or made a motion in response to a notice" published by the plaintiff who filed the initial class action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); *see id.* § 78u-4(a)(3)(B)(i). Notice to the class was published on January 31, so motions to be appointed lead plaintiff are due on April 1. SBA filed a class-action complaint on February 20 and attached the certification required by the PSLRA. SBA now files this timely motion on April 1.

### B. SBA Has a Significant Financial Interest in the Case

The PSLRA requires the Court to determine which plaintiff has the "largest financial interest in the relief sought by the class" to inform which party is the presumptive lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

In calculating a plaintiff's financial interest, "courts in the Eleventh Circuit consider: (1) the number of shares purchased during the class period, (2) the amount of the investment or net funds expended during the class period, and (3) the estimated losses suffered." *Steppacher v. Alfi, Inc.*, No. 21-24232-CIV, 2022 WL 1115049, at *6

(S.D. Fla. Apr. 13, 2022) (collecting cases). "Most courts accord the third factor, the estimated losses, the greatest weight." *In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 WL 4840857, at *2 (S.D. Fla. Oct. 15, 2022). And "overwhelming[ly]," courts estimate losses using the "last in, first out" ("LIFO") accounting method. *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (collecting cases).

SBA has significant financial interests at stake. This is true under any class period this court might use to determine the presumptive lead plaintiff. *See Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624–25 (E.D. Wis. 2009) (surveying different approaches for selecting the class period to use for this purpose); *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *3–4 (S.D. Fla. Apr. 18, 2008) (same). Table A documents SBA's financial interest under each potential class period. *See* Ex. A, Attachment 1.

**Table A—SBA's Financial Interest**

| Class Period | Number of Shares Purchased | Shares Purchased Minus Shares Sold | Funds Expended | Estimated Losses (LIFO) |
|---|---|---|---|---|
| Aug. 26, 2022– Nov. 19, 2024 (*Riviera Beach*) | 65,179 | 38,855 | $9,051,728.47 | $81,607.12 |
| Mar. 9, 2022– Aug. 16, 2023 (*SBA*) | 23,491 | 732 | $3,650,495.18 | $291,235.66 |
| Mar. 9, 2022– Nov. 19, 2024 (combined period) | 87,603 | 39,330 | $12,540,036.46 | $348,359.83 |

## C. SBA Satisfies Rule 23

A party moving to be appointed lead plaintiff must make a *prima facie* showing of the typicality and adequacy requirements in Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Schlimm v. Welbilt, Inc.*, No. 8:18-CV-3007-T-30AEP, 2019 WL 3815149, at *2 (M.D. Fla. July 3, 2019). SBA satisfies both.

SBA's claims are typical of those in the class. Typicality turns on whether "the claims or defenses of the class and class representatives arise from the same events, practice, or conduct and are based on the same legal theories." *Williams v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2018 WL 8584149, at *2 (M.D. Fla. Dec. 21, 2018) (quotation marks omitted); *see Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983). SBA, like the other class members: (1) purchased shares of Target stock during the class period, (2) at prices that were inflated by Target's materially false and misleading statements, and (3) suffered damages when the false and misleading nature of those statements was revealed and the value of Target stock fell in response. This satisfies Rule 23's typicality requirement. *See Miller*, 2008 WL 2465286, at *6.

SBA will also adequately represent the class. Adequacy turns on "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the … class" and "whether plaintiffs have interests antagonistic to those of the rest of the class." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003). That requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class

members' interests are not antagonistic to one another; and (3) the class [representative] has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller*, 2008 WL 2465286, at *6. Here, SBA has retained the litigation team that prevailed against the motion to dismiss in *Craig*, plus the Attorney General of Florida. *See infra* Part III. There is no reason to think SBA has any interest antagonistic to the rest of the class. SBA also has a significant financial interest in vigorously pursuing the claims, as demonstrated above.

### III. SBA'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA authorizes the lead plaintiff to select and retain counsel to represent the entire class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Unless "necessary to protect the interests of the class," a court should not interfere with that selection. *In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 4840857, at *6 (cleaned up).

SBA has selected Boyden Gray PLLC as Lead Counsel. Boyden Gray PLLC already serves as lead counsel in *Craig*, where it successfully defeated a motion to dismiss. Boyden Gray PLLC has sufficient resources to prosecute this action and obtain the best outcome for the class. SBA has also selected the Attorney General of Florida, Lawson Huck Gonzalez, and America First Legal as Liaison Counsel. Lawson Huck Gonzalez and America First Legal were also counsel in *Craig*. Among the lawyers representing SBA from Lawson Huck Gonzalez is Samuel Salario, who is a former Florida state-court appellate judge and former head of the Securities and

Derivative Litigation Practice Group at a national law firm. *See Samuel J. Salario, Lawson Huck Gonzalez*, https://tinyurl.com/y5ejvsbr. "Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, the Court [should] not interfere with the Lead Plaintiff's selection of counsel." *Miller*, 2008 WL 2465286, at *10.

## CONCLUSION

For the foregoing reasons, SBA respectfully requests that this Court consolidate the related actions, appoint SBA as Lead Plaintiff, approve SBA's selections of counsel, and direct the filing of a consolidated amended complaint within 30 days.

Dated: April 1, 2025                               Respectfully submitted,

                                                   /s/ Jonathan Berry
JAMES UTHMEIER (FBN: 113156)                       JONATHAN BERRY (*pro hac vice*)
Attorney General                                   LEAD COUNSEL
State of Florida                                   ANDREW W. SMITH (*pro hac vice*)
Office of the Attorney General                     Boyden Gray PLLC
The Capitol, Pl-01                                 800 Connecticut Avenue NW
Tallahassee, Florida 32399-1050                    Suite 900
(850) 414-330                                      Washington, DC 20006
                                                   (202) 955-0620
                                                   jberry@boydengray.com

PAUL C. HUCK, JR. (FBN: 968358)                    ANDREW J. BLOCK (*pro hac vice*)
SAMUEL J. SALARIO, JR. (FBN: 083460)               America First Legal Foundation
JASON B. GONZALEZ (FBN: 146854)                    611 Pennsylvania Avenue S.E.
Lawson Huck Gonzalez, PLLC                         No. 231
215 S. Monroe Street, Suite 320                    Washington, D.C. 20003
Tallahassee, FL 32301                              (202) 964-3721
(850) 825-4334                                     andrew.block@aflegal.org
jason@lawsonhuckgonzalez.com

*Counsel for Movant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide service to all parties who have registered with CM/ECF and filed an appearance in this action.

/s/ Jonathan Berry
JONATHAN BERRY (*pro hac vice*)
LEAD COUNSEL
Boyden Gray PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com