IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CITY OF RIVIERA BEACH POLICE PENSION FUND, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DIMITRI L. STOCKTON,<br><br>*Defendants*. | No.: 2:25-cv-00085-JLB-KCD<br><br>**RESPONSE OF STATE TEACHERS RETIREMENT SYSTEM OF OHIO TO COMPETING MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>CLASS ACTION |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| STATE BOARD OF ADMINISTRATION OF FLORIDA,<br><br>*Plaintiff*,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DIMITRI L. STOCKTON,<br><br>*Defendants*. | No.: 2:25-cv-00135-JLB-KCD<br><br><u>CLASS ACTION</u> |

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I. PRELIMINARY STATEMENT .................................................................. 1

II. ARGUMENT ................................................................................................ 2

    A. OHIO STRS IS THE PRESUMPTIVE LEAD PLAINTIFF ............................. 2

    B. OHIO STRS SATISFIES RULE 23'S TYPICALITY AND
        ADEQUACY REQUIREMENTS .............................................................. 4

    C. SBA CANNOT REBUT THE PRESUMPTION THAT OHIO
        STRS IS THE MOST ADEQUATE LEAD PLAINTIFF ............................... 5

    D. SBA IS ATYPICAL AND INADEQUATE UNDER RULE 23 ........................ 6

        1. SBA's Transactional Data Is Likely Incorrect
           or Incomplete ..................................................................... 6

        2. SBA Failed to Give the Statutorily Required
           Notice Under the PSLRA ................................................... 9

        3. SBA Failed to Select Experienced Counsel ........................ 10

III. CONCLUSION ......................................................................................... 13

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                           Page(s)

*Akhras v. SSR Mining, Inc.*,
  Nos. 24-cv-00739 & 24-cv-00808,
  2024 WL 3647704 (D. Colo. Aug. 2, 2024) ........................................................................8

*In re Boeing Co. Aircraft Sec. Litig.*,
  No. 19-cv-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ..............................8

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010).................................................................................8

*In re Cardinal Health, Inc. ERISA Litig.*,
  225 F.R.D. 552 (S.D. Ohio 2005)........................................................................................11

*In re Cardinal Health, Inc. Sec. Litig.*,
  226 F.R.D. 298 (S.D. Ohio 2005)........................................................................................8

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
  No. 06-CV-1716, 2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ............................4

*Hachem v. General Electric Inc.*,
  Nos. 17-CV-8457 & 18-CV-1404,
  2018 WL 1779345 (S.D.N.Y. April 12, 2018)....................................................................10

*Hattaway v. Apyx Medical Corp.*,
  No. 22-cv-1298, 2022 WL 22587415 (M.D. Fla. Oct. 4, 2022) ............................4

*Holley v. Kitty Hawk, Inc.*,
  200 F.R.D. 275 (N.D. Tex. 2001).......................................................................................10

*Kurczi v. Eli Lilly & Co.*,
  160 F.R.D. 667 (N.D. Ohio 1995).......................................................................................11

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
  No. 19-CV-8204, 2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) ............................9

*Okaro v. Icahn Enterprises L.P.*,
  702 F. Supp. 3d 1296 (S.D. Fla. 2023)................................................................................3

*Palm Bay Police & Firefighters' Pension Fund v. Fidelity Nat'l Info. Services, Inc.*, Nos. 23-cv-252 & 23-cv-504,
2023 WL 3891520 (M.D. Fla. June 8, 2023) ...................................................................... 10

*Plaut v. Goldman Sachs Group, Inc.*,
No. 18-CV-12084, 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ......................... 9

*Plymouth County Ret. Sys. v. Apache Corp.*,
566 F. Supp. 3d 712 (S.D. Tex. 2021) ............................................................. 7, 8

*Tomaszewski v. Trevena, Inc.*,
383 F. Supp. 3d 409 (E.D. Pa. 2019) .................................................................. 8

*In re Tupperware Brands Corp. Sec. Litig.*,
No. 20-cv-357, 2020 WL 3259749 (M.D. Fla. May 27, 2020) .............................. 3

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................... *passim*

**Other Authorities**

ABA Model Rules of Professional Conduct Rule 1.7(a) ......................................... 12

Fed. R. Civ. P. 23 ............................................................................... *passim*

I. **PRELIMINARY STATEMENT**

On April 1, 2025, State Teachers Retirement System of Ohio ("Ohio STRS") moved to be appointed as lead plaintiff in this action and to have its choice of counsel, Grant & Eisenhofer P.A., approved as lead counsel. ECF No. 42. The only other movant to file a competing motion was the State Board of Administration of Florida ("SBA"). ECF No. 41. As of the date of this filing, SBA has not withdrawn its competing motion despite having claimed losses that are dwarfed by those of Ohio STRS.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs that, when appointing a lead plaintiff, "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class," and who otherwise satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Both movants used identical last-in-first-out ("LIFO") computation methodologies to present their relevant losses, and Ohio STRS has the "largest financial interest" in the relief sought by far. In fact, during the combined, longest class period of March 9, 2022 through November 19, 2024 ("Class Period"), Ohio STRS's financial interest is more than *ten times* that of SBA. Specifically, Ohio STRS's LIFO loss is **$3,517,161** (ECF No. 42), and SBA's LIFO loss is **$348,360** (ECF No. 41). Because SBA's losses do not come close to those of Ohio STRS, and because Ohio STRS

1

satisfies the typicality and adequacy requirements, the Court's inquiry should end there.[1]

Despite having no valid legal argument – or any case precedent in this district, circuit, or nationwide – as to why Ohio STRS is not the presumptive lead plaintiff, SBA will likely argue that it should be appointed lead plaintiff because its counsel has already filed an individual direct action that has survived a motion to dismiss in this district against Target. However, SBA had no role in that case, and its counsel would be conflicted by simultaneously representing individuals in a direct action and serving as lead counsel for a class. Furthermore, SBA (and its chosen counsel) has violated the federal statutory mandates of the PSLRA in its defective filing, and SBA itself cannot meet the requirements of Rule 23 as a likely "net seller" and "net gainer" during the Class Period. For these reasons, and others that follow, the Court should appoint Ohio STRS as lead plaintiff and approve its selection of Grant & Eisenhofer as lead counsel.

## II.   ARGUMENT

### A.   OHIO STRS IS THE PRESUMPTIVE LEAD PLAINTIFF

In determining the largest financial interest in the relief sought, courts in this circuit have considered four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the

---

[1] Ohio STRS has the "largest financial interest" under every filed class period, with a LIFO loss of $4,641,589 under the *Riviera Beach* class period (Aug. 26, 2022 through Nov. 19, 2024) and a LIFO loss of $3,450,463 under the *SBA* class period (March 9, 2022 through Aug. 16, 2023), compared to SBA's LIFO losses of $81,607 and $291,236, respectively (*see* ECF Nos. 41 and 41-1).

total net funds expended during the class period; and (4) the approximate losses suffered." *In re Tupperware Brands Corp. Sec. Litig.*, No. 20-cv-357, 2020 WL 3259749, at *1 (M.D. Fla. May 27, 2020) (internal citation omitted). "Of the four factors, most courts give the greatest weight to estimated losses." *Okaro v. Icahn Enterprises L.P.*, 702 F. Supp. 3d 1296, 1300 (S.D. Fla. 2023).

With the benefit of reviewing SBA's submission, Ohio STRS can now confirm that Ohio STRS has a much greater financial interest than SBA under *all* of the factors considered by courts in this circuit:

| Movant | Total Shares Purchased | Net Number of Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|---|
| Ohio STRS | 361,897 | 207,859 | $29,189,244 | $3,517,161 |
| SBA[2] | 87,603 | 39,330 | $12,540,036 | $348,360 |

Further, Ohio STRS demonstrated that it held 244,609 shares and 360,097 shares of Target common stock on the dates relevant to the federal proxy claims – April 11, 2022 and April 17, 2023, respectively. *See* ECF No. 42. Ohio STRS therefore has the largest financial interest in the relief sought by the class and is the presumptive lead plaintiff.

---

[2] The data in this chart concerning SBA has been sourced from SBA's competing motion. *See* ECF No. 41.

3

### B. OHIO STRS SATISFIES RULE 23'S TYPICALITY AND ADEQUACY REQUIREMENTS

As noted in Ohio STRS's opening brief, a lead plaintiff movant also must satisfy the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The moving plaintiff need only make a "preliminary showing" that the adequacy and typicality requirements under Rule 23 have been met. *See Hattaway v. Apyx Medical Corp.*, No. 22-cv-1298, 2022 WL 22587415, at *2 (M.D. Fla. Oct. 4, 2022) (internal citation omitted). Ohio STRS has made that showing and is both typical and adequate.

Ohio STRS's claims are typical because, like other class members, it: (1) purchased Target common stock during the Class Period; (2) at prices artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the price inflation caused by defendants' conduct, causing the price of Target common stock to drop. *See Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, No. 06-CV-1716, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (typicality satisfied where the proposed lead plaintiff showed "that they, like other class members, purchased [the company's] shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct.").

Ohio STRS also will fairly and adequately protect the interests of the class. Ohio STRS chose a highly qualified and experienced securities litigation firm that

4

has consistently achieved success for defrauded investors to act as lead counsel. Ohio STRS's interests are aligned with those of the other class members and are not antagonistic in any way. Unlike SBA's counsel, Ohio STRS's counsel has no conflict of interest through representation of other individual clients whose interests are antagonistic to those of the putative class. Further, Ohio STRS will vigorously advocate on behalf of other class members as it has incurred substantial financial losses as a result of defendants' misrepresentations and omissions.

### C.  SBA CANNOT REBUT THE PRESUMPTION THAT OHIO STRS IS THE MOST ADEQUATE LEAD PLAINTIFF

The powerful presumption that attaches under the PSLRA to Ohio STRS may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, SBA cannot possibly submit any proof that Ohio STRS would not fairly and adequately protect the interests of the class or would be subject to unique defenses rendering it incapable of representing the class. Ohio STRS is committed to litigate this action aggressively on its own behalf and on behalf of all other aggrieved class members. Appointing the movant with the largest losses ensures that an investor like Ohio STRS is committed to vigorously pursuing the claims asserted. There is no credible argument that Ohio STRS is subject to unique defenses.

### D.  SBA IS ATYPICAL AND INADEQUATE UNDER RULE 23

In contrast to Ohio STRS, SBA is atypical and inadequate under Rule 23, and its counsel has conflicts that, if unresolved, should disqualify it from serving in a leadership role here.

#### 1.  SBA's Transactional Data Is Likely Incorrect or Incomplete

There is doubt that SBA has any financial loss in this case at all, and thus lacks standing in light of publicly available information that indicates SBA was a net seller of Target common stock during the Class Period.  Pursuant to Section 13(f) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78m(f) and Rule 13f-1 (17 CFR § 240.13f-1) promulgated thereunder), SBA is required by federal statute to file quarterly reports concerning its equity holdings on Form 13-F.  SBA made all such quarterly filings during the Class Period.  Contrary to SBA's PSLRA certification (*see* ECF No. 41-1), however, SBA's Form 13-F filings show that, during a period encompassing the Class Period, SBA was a "net seller" of 193,393 Target shares, as follows:

| SBA's Form 13-F | Number of Target Shares Held |
|---|---|
| Period ended March 31, 2022 | 625,885[3] |
| Period ended September 30, 2024 | 446,642 |
| Period ended December 31, 2024 | 432,492 |
| | Net seller of 193,393 shares |

---

[3] As of December 31, 2021, SBA's Form 13-F indicates it held 651,060 Target shares.  *See* Moyna Decl. at Ex. D.

6

*See* the accompanying Declaration of Caitlin M. Moyna ("Moyna Decl.") at Exs. A through C (excerpts of SBA's relevant Forms 13-F).

The information contained in the Forms 13-F conflicts with the information contained in SBA's sworn certification, which attests that SBA was a *net purchaser* of 39,330 shares of Target common stock during the Class Period. *See* ECF Nos. 41 and 41-1. Under the PSLRA, SBA cannot cherry pick from its accounts to show a loss or prove standing, but must submit and attest to "all transactions . . . in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). While it is possible that SBA's Forms 13-F are inaccurate, one of these required federal disclosures is likely inaccurate. This would raise questions about whether SBA can satisfy Rule 23's typicality and adequacy requirements.

If SBA is a substantial "net seller" and "net gainer" (consistent with its Form 13-F filings), then it is subject to unique defenses. "A 'net seller' is a party who sells more shares than he bought during the class period," and "[a] net gainer is a party who profited from the purchase and sale of a defendant's stock during the class period." *Plymouth County Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 718 (S.D. Tex. 2021). (internal citation omitted). "Courts have consistently rejected applications for lead plaintiff status made by 'net sellers' and 'net gainers,' recognizing that they may in fact have profited, rather than suffered, as a result of the inflated stock prices." *Id*. (internal citation omitted). "Because 'net sellers' and 'net gainers' may have benefitted by selling shares purchased before the class period at

7

allegedly inflated prices during the class period, they may have difficulty proving damages at trial and are subject to unique defenses that do not befall other class members." *Id*. (collecting cases); *see also Akhras v. SSR Mining, Inc.*, Nos. 24-cv-00739 & 24-cv-00808, 2024 WL 3647704, at *9-10 (D. Colo. Aug. 2, 2024) (disqualifying lead plaintiff movant "because it is subject to unique defenses as a combined net seller and net gainer"); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 437-38 (S.D. Tex. 2010) (finding that lead plaintiff movants were not entitled to the most-adequate-plaintiff presumption where they were net sellers of the security at issue during a portion of the class period and, therefore, may be atypical and inadequate class representatives); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) (eliminating two lead plaintiff movant net sellers and net gainers from a proposed lead plaintiff group because they were subject to unique defenses).

Furthermore, if the Forms 13-F are accurate and SBA's PSLRA certification is inaccurate, then the filing of an inaccurate certification under the PSLRA is often grounds for disqualifying a movant from serving as lead plaintiff. *See e.g., Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 415 (E.D. Pa. 2019) (certification errors should "cause[] the Court to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020) ("One of two things happened here: either the [movant] reviewed the loss charts and neglected to correct them despite errors that should have been obvious to them based on their own trading, or they didn't review the loss charts at all. Under either scenario, the

8

failure to discover these obvious errors independently warrants a determination that the [movant] will not be adequate representatives of the class."); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204, 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) ("certification errors in [movant's] submissions militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement"); *Plaut v. Goldman Sachs Group, Inc.*, No. 18-CV-12084, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (finding movant inadequate in light of inadvertent clerical errors in PSLRA certification even though the errors understated the actual losses suffered by the movant).

### 2. SBA Failed to Give the Statutorily Required Notice Under the PSLRA

Under the PSLRA, the filing of a federal securities class action requires the litigant to publish notice to potentially interested class members, notifying them "of the pendency of the action, the claims asserted therein, and the purported class period" and that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). Such a notice must be published "in a widely circulated national business-oriented publication or wire service." *Id*. By filing a complaint with a different, expanded class period, SBA triggered the PSLRA's requirements to publish a new class notice, but it did not do so. *See State Board of Administration of Florida v. Target Corp. et al.*, Case No. 2:25-cv-00135-JLB-KCD, Dkt. No. 1 (M.D. Fla. 2025) (expanding the starting point of the class period from August 26, 2022 back to March 9, 2022). Courts have held that

9

republication of the PSLRA notice advising potential class members of the lead plaintiff deadline and procedure "is warranted where, in light of changes in either or both the class period or nature of the claims asserted, it is likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *Hachem v. General Electric Inc.*, Nos. 17-CV-8457 & 18-CV-1404, 2018 WL 1779345, at *1 (S.D.N.Y. April 12, 2018) (internal citation omitted). Rather than issuing the required PSLRA notice in an appropriate nationwide publication, as required by the statute, SBA's proposed lead counsel issued a "press release" which failed to: (1) provide the deadline for lead plaintiff motions to be filed; (2) instruct that anyone can move for lead plaintiff by that deadline; and (3) provide the appropriate relevant class period. *See* Moyna Decl. at Exs. E and F. SBA's press release is insufficient, and violates the PSLRA. *See Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 278 (N.D. Tex. 2001) (finding that the purported lead plaintiff's notice was inadequate because it did not specify to purported class members that they could move to seek appointment as lead plaintiff).

### 3.   SBA Failed to Select Experienced Counsel

In determining whether a proposed lead plaintiff can adequately prosecute the action, courts also consider what counsel lead plaintiff has selected. *See Palm Bay Police & Firefighters' Pension Fund v. Fidelity Nat'l Info. Services, Inc.*, Nos. 23-cv-252 & 23-cv-504, 2023 WL 3891520, at *1 (M.D. Fla. June 8, 2023) (considering lead plaintiff's selection of lead counsel in appointing lead plaintiff). Here, SBA has selected counsel with an unresolved conflict of interest arising from its representation

of individual plaintiffs with similar claims against Target and with limited experience litigating cases governed by the PSLRA. SBA should be disqualified on this separate basis.

SBA's proposed lead counsel has an unresolved conflict of interest precluding SBA's appointment as lead plaintiff. Specifically, SBA's counsel represents the individual plaintiffs in *Craig v. Target Corp. et al.*, Case No. 2:23-cv-00599-JLB-KCD (M.D. Fla. 2023) ("*Craig*"), and cannot be expected to fairly and adequately represent the interests of the class or to maximize the recovery on behalf of absent class members. *See Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (holding that potential conflict existed where class counsel was also counsel for individual plaintiffs against the same defendant citing the "risk that counsel will trade off the interests of certain of its clients to the detriment of other clients."). If appointed lead counsel to represent the class here, SBA's counsel will face an ethical conflict of interest between maximizing the recovery on the *Craig* plaintiffs' claims versus maximizing recovery to the class. Based on their individual trading, the *Craig* plaintiffs may wish to make certain arguments and take certain positions that are materially different from the claims SBA may wish to make on behalf of the class. Therefore, representing the *Craig* plaintiffs creates an unavoidable conflict, as their individual interests may diverge from the class's interests, and SBA's proposed lead counsel may be obligated to pursue a settlement that benefits the class, even if it's not ideal for their existing clients in *Craig*. *See In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 557 (S.D. Ohio 2005) ("Counsel cannot represent different classes of

11

plaintiffs with conflicting claims who are seeking recovery from a common pool of assets."); *see also*, ABA Model Rules of Professional Conduct, Rule 1.7(a) (recognizing that lawyers have a "concurrent conflict of interest" if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client…").

Although SBA's counsel lacks experience with the PSLRA, they are admittedly excellent lawyers. Both Ohio STRS and Grant & Eisenhofer acknowledge the work done by SBA's chosen counsel in the *Craig* case, including defeating defendants' motion to dismiss. For that reason, Ohio STRS and its counsel have reached out to SBA and its counsel to explore a co-lead plaintiff and lead counsel structure, should SBA's counsel resolve its conflict by dismissing or withdrawing from the individual *Craig* action. Such an arrangement would benefit the class by combining SBA's counsel's experience and success in the *Craig* action with Grant & Eisenhofer's experience in complex class action securities litigation.[4]

---

[4] SBA's counsel's lack of experience with the PSLRA has already led to a number of errors, a number of which are explained above. Moreover, in *Craig*, SBA's proposed lead counsel attempted to settle class claims in violation of the PSLRA and class members' due process rights. In a "status update" filed with the Court, defendants in *Craig* stated that SBA's proposed lead counsel "would only provide dates of availability to mediate if we agreed to do so on a class-wide basis." *Craig,* Case No. 2:23-cv-00599-JLB-KCD, Dkt. No. 110. In the same status update, defendants correctly explained that they "were not able to accommodate that request, because it would violate federal law and pose a host of ethical issues." *Id.* Specifically, defendants continued, "Congress prohibits Plaintiffs from purporting to act on behalf of a hypothetical class" and the "[PSLRA] mandates a process for the Court to appoint lead plaintiffs and lead counsel who will best represent the interests of the putative class." *Id.* On the *Craig* docket, SBA's proposed lead counsel admitted that they had agreed "to pursue mediation under the impression that class-wide relief would be considered," with no regard for the lead plaintiff provisions of the PSLRA. *Id.* at Dkt. No. 113.

\* \* \*

In sum, SBA has failed to rebut the presumption that Ohio STRS is the most adequate lead plaintiff. SBA has further made several errors in its filings and its proposed lead counsel's conflicts of interest cast doubt on its ability to effectively litigate this securities class action. For these reasons, and the reasons stated above, SBA fails to satisfy Rule 23's typicality and adequacy requirements and should not be appointed lead plaintiff.

## III.   CONCLUSION

For the foregoing reasons, Ohio STRS respectfully requests that this Court: (1) consolidate the above-captioned related actions; (2) grant its motion to be appointed lead plaintiff; and (3) approve its choice of Grant & Eisenhofer as lead counsel for the class.

Respectfully submitted,

Date:  April 15, 2025

By: /s/ *Joshua E. Dubin*

**JOSH DUBIN, P.A.**
Joshua E. Dubin
201 South Biscayne Blvd., Ste. 1210
Miami, Florida 33131
Telephone: (212) 219-1469
josh @jdubinlaw.com

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer (admitted *pro hac vice*)
Caitlin M. Moyna (admitted *pro hac vice*)
Vincent J. Pontrello (admitted *pro hac vice*)
485 Lexington Avenue
New York, NY 10017

Telephone: (646) 722-8500
jeisenhofer@gelaw.com
cmoyna@gelaw.com
vpontrello@gelaw.com

*Counsel for Plaintiff and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

By: <u>/s/ *Joshua E. Dubin*</u>
Joshua E. Dubin